UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

CARLOS H. ROSADO-MÁRQUEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 15-1042 (JAF)

(Crim. No. 10-251-14)

**OPINION AND ORDER**

Petitioner Carlos H. Rosado-Márquez ("Rosado-Márquez") comes before the court with a habeas corpus petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 10-251-14 (Docket No. 1), and a motion for the setting of an evidentiary hearing (Docket No. 9). For the following reasons, we deny both his petition and his motion.

**I.**

**Background**

On November 12, 2010, Rosado-Márquez pleaded guilty to conspiracy to possess with the intent to distribute at least two-hundred (200) grams but less than three-hundred (300) grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 860. He also pleaded guilty to use or carrying of firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (2). (Crim. No. 10-251-14, Docket Nos. 727, 1189.) We sentenced Rosado-Márquez to thirty-seven (37) months imprisonment as to count one and one-hundred and twenty (120) months as to count two, to be served consecutively, for a total of one-hundred fifty-seven (157) months. (Crim.

No. 10-251-14, Docket No. 1189.) We also sentenced him to six years supervised release as to count one and five years supervised release as to count two, to be served concurrently. *Id.* On July 6, 2014, the First Circuit affirmed our judgment. (Crim. No. 10-251-14, Docket No. 3114.) On April 7, 2014, the United States Supreme Court denied Rosado-Márquez' petition for writ of certiorari. *Carlos H. Rosado-Márquez v. United States*, 134 S. Ct. 1804 (2014).

On January 21, 2015, Rosado-Márquez filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1; Crim. No. 10-251-14, Docket No. 3309.) The government responded. (Docket No. 7.) Rosado-Márquez filed a reply and a motion for the setting of an evidentiary hearing. (Docket Nos. 8, 9.)

## II.

## Jurisdiction

Rosado-Márquez is currently in federal custody, having been sentenced by this district court. To file a timely motion, Rosado-Márquez had one year from the date his judgment became final. 28 U.S.C. § 2255(f). His judgment became final when the United States Supreme Court denied his petition for certiorari on April 7, 2014, and this habeas petition falls within the time limit. *See Clay v. United* States, 537 U.S. 522, 527 (2003); *Rosado-Márquez*, 134 S.Ct. 1804 (2014); (Docket No. 1).

## III.

## Analysis

Rosado-Márquez argues that we lacked subject matter jurisdiction in this matter; that he received ineffective assistance of counsel; and that we committed an abuse of

discretion. He also requests an evidentiary hearing. (Docket Nos. 1, 1-1, 9.) For the following reasons, we deny his petition and his request for an evidentiary hearing.

### A. Subject Matter Jurisdiction

Rosado-Márquez argues that we lacked subject matter jurisdiction because he was allegedly incarcerated at the time the charged conduct occurred and was only involved in the conspiracy for three months. (Docket No. 1 at 8; Docket No. 1-1 a 30.) We clearly had subject matter jurisdiction, because a federal district court undoubtedly has jurisdiction over federal crimes. We instead read this as an argument that no factual basis existed for accepting his guilty plea. As the First Circuit already stated in deciding Rosado-Márquez's appeal, "the district court was entitled to rely upon defendant's own judicial admissions in determining that there was a factual basis for his guilty plea." (Crim. No. 10-251-14, Docket No. 3114.)

### B. Ineffective Assistance of Counsel

Rosado-Márquez argues that he received ineffective assistance of counsel on several grounds. (Dockets No. 1, 4.) To prove this, Rosado-Márquez must show that both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Wash.*, 466 U.S. 688-94 (1984). In the context of plea agreements, the prejudice prong requires a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

Rosado-Márquez alleges that his appellate counsel was ineffective for failure to raise an *Alleyne* argument. (Docket No. 1 at 5.) Rosado-Márquez alleges that,

> his sentence for the firearm crime, pursuant to 18 U.S.C. § 924(c), was increased above the mandatory minimum of 5-years based on facts that were not charged by indictment, submitted to a jury, proved beyond a reasonable doubt by a jury, or agreed to be stipulation, in violation of his Sixth Amendment right to a jury trial.

(Docket No. 1 at 5.) However, the First Circuit already ruled on this exact issue in their post-*Alleyne* decision on Rosado-Márquez's appeal, stating:

> to the extent defendant argues pro se that the district court improperly increased the mandatory minimum on his firearm charge from five years to ten years without notice, the court correctly noted the statutory minimum and guideline sentence of five years, but determined that an upward variance was warranted based on the seriousness of defendant's crime, the need for deterrence, and his risk of recidivism. See United States v. Politano, 522 F.3d 69, 75-76 (1st Cir. 2008) (no prior notice required for upward variance based on need for deterrence and seriousness of defendant's crime).

(Crim. No. 10-251-14, Docket No. 3114.)

Rosado-Márquez also alleges that his trial counsel was ineffective for failure "to submit a pre-trial motion seeking to quash the vague and defective indictment." (Docket No. 1-1 at 23.) We have reviewed the 26-page indictment and do not find it to be vague. (Crim. No. 10-251-14, Docket No. 3.)

Rosado-Márquez also contends that his trial counsel provided ineffective assistance of counsel when he advised Rosado-Márquez to enter into an "erroneous plea agreement where there was no evidence to support the plea/ and a erroneous stipulation to an insufficient factual basis." (Docket No. 1-1 at 28) (sic). The First Circuit already ruled that a factual basis existed for Rosado-Márquez's plea. (Crim. No. 10-251-14, Docket

No. 3114.) Rosado-Márquez further alleges that he "made it clear to the presiding judge that he did not understand what was really transpiring" and did not give a voluntary confession. (Docket No. 1-1 at 29.) However, this is belied by the transcript, in which Rosado-Márquez was lucid throughout, and in which the following dialogue occurred:

> THE COURT:  Do you feel competent to plead?  That means capable of accepting the charges in this case and your involvement with knowledge of consequences.
>
> THE DEFENDANT:  Yes.

(Crim. No. 10-251-14, Docket No. 2133 at 5.)

### C. **Abuse of Discretion**

Rosado-Márquez argues that we committed an abuse of discretion when we "erroneously allowed the government, and his counsel to use an erroneous indictment and stipulations in order to establish and erroneous factual basis, to impose an sentence." (Docket No. 1-1 at 31; *see also* Docket No. 1 at 9) (sic). We have already established that this is contradicted by the record.

### D. Evidentiary Hearing

Rosado-Márquez requests an evidentiary hearing. (Docket No. 1-1 at 32; Docket No. 9.) Evidentiary hearings "are the exception, not the rule." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." *McGill*, 11 F.3d at 226) (quoting *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cr. 1974)). All of Rosado-Márquez' claims have been dismissed and the alleged facts have been conclusively refuted by the record. Therefore, there is no need for an evidentiary hearing.

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. *See Davis v. U.S.*, 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under §2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); *see also Dirring v. U.S.*, 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence).

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Rosado-Márquez has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Rosado-Márquez may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

**V.**

**Conclusion**

For the foregoing reasons, we hereby **DENY** Rosado-Márquez's § 2255 motion (Docket No. 1) and **DENY** his motion for setting of an evidentiary hearing (Docket No. 9). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of April, 2015.

                                                   S/José Antonio Fusté
                                                   JOSE ANTONIO FUSTE
                                                   U. S. DISTRICT JUDGE